# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALPHONSE MELE,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1179-Orl-35DAB**

**STONE AGE PAVERS, INC., and**
**RICHARD R. RICE, JR.,**

                **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:　JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 29)**
>
> **FILED:　　November 5, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on November 13, 2008 with counsel for both parties present.

Based on the representations of counsel, Plaintiff was employed by Defendants as a field superintendent from August 21, 2003 to November 30, 2006. The extent of Plaintiff's actual hours worked was much disputed by both sides, with Plaintiff initially seeking approximately $75,429.75 for alleged overtime of 25 hours per week. Doc. No. 12. After much document discovery and depositions, Plaintiff substantially revised his estimate of overtime to 5 hours per week for those weeks without vacation, sick time, etc. Although Defendants maintained that Plaintiff never worked any overtime, Defendants conceded that a description of Plaintiff's position described the position as requiring 45 hours per week. Accordingly, the settlement to Plaintiff of $4,500 in unpaid wages and liquidated damages – although substantially reduced from the initially overstated amount – represents settlement based on 5 hours of overtime per week.

The parties have agreed that Defendant will pay Plaintiff's attorneys $6,500 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from July 2007 to November 2008, accruing roughly 20.2 hours in the process for significant document discovery and review and depositions; fees totalled for $6,050 in fees and costs $450. The amount of time devoted and the hourly rates are not unreasonable under the particular circumstances of this case.

Settlement in the amount of $4,500 to Plaintiff for overtime wages and liquidated damages, and $6,500 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 13, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy